# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Capital Imports LLC, | Civ. No. |
| Plaintiff, | **COMPLAINT** |
| v. | **FOR COUNTERFEITING AND TRADEMARK INFRINGEMENT** |
| Dreamland Trading Inc., and Mohamed Mohamed, an individual, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Capital Imports LLC ("Capital") brings this Complaint against Defendants Dreamland Trading Inc. ("Dreamland") and Mohamed Mohamed ("Mr. Mohamed"), an individual (Dreamland and Mr. Mohamed collectively "Defendants"), and states and alleges as follows:

## NATURE OF THE ACTION

This is an action by Capital for trademark infringement and unfair competition under the Lanham Act, deceptive trade practices under Minn. Stat. § 325D.44, and common law trademark infringement. Capital is a family owned and operated gourmet food product distributor that specializes in the sale and distribution of ethnic foods. Capital's widely-popular VIVA FRUIT CORDIAL product, a non-alcoholic fruit cordial, is distributed across the United States, including in Minnesota. The VIVA FRUIT CORDIAL product is particularly popular with Capital's Muslim clientele, who partake in the drink while celebrating Ramadan. Dreamland, of which Mr. Mohamed is the owner and CEO, is no

1

doubt aware of these facts and has begun willfully distributing a knockoff fruit cordial product using a mark that is substantially indistinguishable from Capital's VIVA FRUIT CORDIAL Mark, just before the beginning of Ramadan.

 

**Capital's VIVA Product**         **Counterfeit RINO Product**

Furthermore, the packaging and shape of Dreamland's counterfeit product is substantially indistinguishable from the authentic VIVA FRUIT CORDIAL product. This knockoff counterfeit product being sold and distributed by Dreamland has caused and will continue to cause irreparable harm to Capital and the Capital VIVA FRUIT CORDIAL brand.

## THE PARTIES

1. Capital Imports LLC is a Minnesota limited liability company with a place of business at 3446 Snelling Avenue, Minneapolis, MN 55406. Capital is a distributor of various food products, mainly focused on immigrant populations.

2. On information and belief, Dreamland Trading Inc. is a Minnesota corporation with a place of business at 2500 E. 25th Street, Suite # 109, Minneapolis, MN 55406. On information and belief, Dreamland is also a distributor of food products.

3. On information and belief, Mohamed Mohamed resides in or near Minneapolis, Minnesota. Mr. Mohamed is the Chief Executive Officer for Dreamland Trading Inc. and is in control of and makes the decisions regarding the day-to-day operations of Dreamland.

## JURISDICTION AND VENUE

4. This is an action for counterfeiting and trademark infringement under 15 U.S.C. § 1114(1) of the Lanham Act, federal unfair competition and false designation of origin under 15 U.S.C. § 1125(a) of the Lanham Act, common law trademark infringement, and deceptive trade practices under Minn. Stat. § 325.43 et seq.

5. This Court has original jurisdiction over the subject matter of the Lanham Act claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6. Dreamland is a Minnesota corporation, located in Minnesota, and transacts business in Minnesota in that it markets and distributes goods and services in Minnesota, including selling and offering for sale the counterfeit product.

7. On information and belief, Mohamed Mohamed is a resident of the State of Minnesota, residing in or around Minneapolis, Minnesota.

8. Capital's claims for relief arose in this district, and Dreamland, under Mr. Mohamed's leadership, has transacted business and is found within this district, making venue over the claims proper in this district pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

*Capital and Capital's VIVA Trademark Rights*

9. Capital is a family owned and operated gourmet food distributor that has been operating for over 30 years, with popular brands that can be found in thousands of households. Capital focuses on serving the needs of the African, Middle Eastern, and Asian markets across the United States.

10. On January 17, 2022, Capital began selling a non-alcoholic fruit cordial product ("VIVA Product").

11. The VIVA Product quickly rose in popularity, with customers now spread throughout the United States.

12. On February 11, 2022, Capital applied for and eventually obtained a federal trademark registration for VIVA FRUIT CORDIAL, U.S. Registration No. 7,135,907, for non-alcoholic fruit cordials ("VIVA Mark"). The VIVA Mark consists of an image of a crest outlined in yellow with a yellow crown design on top. In the middle of the crest design is the stylized red wording "VIVA" below which is the stylized stacked red wording "FRUIT CORDIAL" above a stylized dragon design in yellow. Above the wording "VIVA" is additional Arabic characters appearing in red. To the left and right of the crest are two bunches of grapes in yellow. A photograph of the VIVA FRUIT CORDIAL product is attached below, as well as an image of the registered Mark.



**VIVA FRUIT CORDIAL**
**Product**



**VIVA FRUIT CORDIAL**
**Trademark**

13. The VIVA Mark was registered on August 15, 2023, and claims a date of first use at least as early as January 17, 2022. A copy of the registration is attached hereto as Exhibit A.

14. Capital also has common law rights in the VIVA Mark in connection with non-alcoholic fruit cordials in Minnesota and throughout the United States, based on Capital's continuous use of the mark in commerce.

15. Capital has marketed its VIVA Mark extensively, both through Capital's social media platforms and through direct sales marketing. As a result of the significant time and resources Capital has spent developing its VIVA Product, Capital's VIVA Mark has become well-known in the community and has developed and represents valuable goodwill inuring to the benefit of Capital. For instance, in 2023 alone, Capital sold 162,000 units of the VIVA Product.

CORE/3524971.0010/187765649.3

*Dreamland's Counterfeiting and Infringing Conduct*

16.     Dreamland sells a counterfeit and/or knock-off product ("Counterfeit Product") with a label bearing a mark that is substantially indistinguishable from Capital's VIVA, using an identical image of a crest outlined in yellow, with the same yellow crown design on top, with five points and five white dots, and including the identical Arabic characters in red just below the crown and the outline of grapes on each side of the crest. In the middle of the crest design is the name of the product in the same stylized red text, negligibly replacing the four letter word VIVO with the four letter word RINO, below which is identical stylized stacked red wording FRUIT CORDIAL Mark ("Counterfeit Mark").

   

**Defendant's Counterfeit Product**     **Defendant's Counterfeit Mark**

17.     Dreamland's Counterfeit Mark is for a product identical to Capital's VIVA Product, a non-alcoholic fruit cordial.

18.     The packaging shown below for the Counterfeit Mark Product identifies Dreamland as the source of the goods.



19. As the above images illustrate, not only is Dreamland using a substantially indistinguishable mark to sell the same goods as Capital, but its product is also substantially indistinguishable in overall appearance to Capital's VIVA Product.

20. Capital's VIVA Product and Dreamland's Counterfeit Product are promoted in the same channels of trade to the same consumers or class of consumers. For example, Dreamland is selling its infringing and counterfeit non-alcoholic fruit cordials in the same marketplaces as Capital in Minnesota.

21. Due to Dreamland's use of a mark substantially indistinguishable from Capital's VIVA Mark and the identical nature of the goods of the respective parties, consumers and potential consumers are likely to wrongly believe that Dreamland's Counterfeit Product is Capital's VIVA Product, is related to Capital's VIVA Product or originates from or is licensed by Capital. The result is a likelihood of confusion in the marketplace as to the source and quality of the competing products and damage to Capital and its brand.

22. Further, this harm is exacerbated because Dreamland is selling its Counterfeit Product during Ramadan, a time when non-alcoholic fruit cordial sales rise to fill the needs of those celebrating the holiday.

23. On information and belief, prior to February 26, 2024, Dreamland was selling its fruit cordial product using the brand name VEEO with images of blue fruit on its label. As is evident from the image of Dreamland's VEEO labeled product below, Dreamland's prior mark is nothing like the label it uses now on its Counterfeit Product.

24. Dreamland's intent to create confusion and trade off the good will of Capital's VIVA brand is evident from its decision to use a copycat label after Capital's success with its VIVA Product, as can be seen by comparing Defendant's VEEO bottle, the Counterfeit Product using the Counterfeit Mark, and Capital's VIVA Product.

  

**Dreamland's Prior VEEO Design**   **Dreamland's Counterfeit Product**   **Capital's VIVA Product**

25. From this evidence, it can be readily inferred that Dreamland is willfully knocking off Capital's VIVA brand of fruit cordials, offering counterfeit products for sale under a substantially indistinguishable mark.

CORE/3524971.0010/187765649.3

26. On information and belief, Mr. Mohamed directs and/or supervises the day-to-day activities at Dreamland and in doing so, directed the infringing activity committed by Dreamland.

27. Dreamland, and thus Mr. Mohamed as its owner, financially benefited from the sale of the Counterfeit Product.

28. Mr. Mohamed should be held jointly and severally liable for Dreamland's infringing activities.

***Correspondence Between Capital and Dreamland***

29. On February 29, 2024, Capital sent a cease and desist letter demanding Dreamland cease the sale and distribution of the Counterfeit Product. Exhibit B.

30. On March 7, 2024, Dreamland responded to that February demand. In its response, Dreamland merely offered that it would remove all "purportedly infringing marks" from its products. Exhibit C.

31. On information and belief, Dreamland is still offering for sale the Counterfeit Product, and the Counterfeit Product is still on store shelves.

32. Moreover, Dreamland has not assented to Capital's other demands, including but not limited to removing all Counterfeit Product from store shelves, providing an accounting of ill-gotten gains from selling the Counterfeit Product, and paying to Capital those ill-gotten profits.

## Count I
## Federal Counterfeiting and Trademark Infringement
## (15 U.S.C. § 1114 et seq.)
## Against all Defendants

33. Capital repeats and incorporates the allegations set forth in paragraphs 1-32 of this Complaint as if fully set forth herein.

34. The non-alcoholic fruit cordials sold and offered by Dreamland are sold using a trademark that is substantially indistinguishable from Capital's registered VIVA Mark. Further, the non-alcoholic fruit cordials sold and offered by Dreamland use the same channels of trade and are sold to the same consumer demographic as the VIVA Product sold by Capital.

35. Defendants' acts described herein are likely to cause confusion, mistake, or deception as to the source or origin of Dreamland's Counterfeit Product in that customers and potential customers are likely to mistakenly believe that Dreamland's Counterfeit Product is the same as Capital's VIVA Product, or are provided by or in some other way legitimately connected to Capital. Therefore, Dreamland's Counterfeit Product is likely to cause consumer confusion.

36. Defendants, by copying without permission Capital's VIVA Mark in connection with their fruit cordials, intentionally used a mark or designation knowing that mark or designation was a counterfeit mark in connection with the sale, offer to sell, or distribution of goods.

37. Defendants' infringing conduct and counterfeiting is willful.

38. The likely confusion caused by Defendants constitutes federal trademark infringement in violation of 15 U.S.C. § 1114(1).

39. As a direct result of this likely confusion, mistake, or deception, Capital has suffered and will continue to suffer irreparable harm if Defendants are not enjoined.

40. By reason of Defendants' bad faith and willful infringement, Capital is entitled to recover statutory damages for counterfeiting pursuant to 15 U.S.C. § 1117; actual damages, treble damages, an accounting of Dreamland's profits, attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117; and injunctive relief pursuant to 15 U.S.C. § 1116.

## Count II
## Federal Unfair Competition and False Designation of Origin
## (15 U.S.C. § 1125(a))
## Against Dreamland

41. Capital repeats and incorporates the allegations set forth in paragraphs 1-40 of this Complaint as if fully set forth herein.

42. Defendants' acts described herein are likely to cause confusion, mistake, or deception as to the source or origin of Dreamland's goods and services in that customers and potential customers are likely to believe that Dreamland's goods and services are provided by or in some other way legitimately connected to Capital when the same is not true.

43. The likely confusion caused by Dreamland constitutes unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

44. As a direct result of this likely confusion, mistake, or deception, Capital has suffered and will continue to suffer irreparable harm if Dreamland's conduct is not enjoined.

45. By reason of Dreamland's bad faith and willful infringement, Capital is entitled to recover actual damages, treble damages, an accounting of Dreamland's profits, attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

**Count III**
**Deceptive Trade Practices**
**(Minn. Stat. § 325D.43 et seq.)**
**Against Dreamland**

46. Capital repeats and incorporates the allegations set forth in paragraphs 1-45 of this Complaint as if fully set forth herein.

47. By selling identical, counterfeit goods under Capital's mark, Defendants are engaging in passing off.

48. Defendants' acts described herein are also likely to cause confusion, mistake, or deception as to the source or origin of Dreamland's goods and services in that customers and potential customers are likely to believe that Dreamland's goods and services are provided by or in some other way legitimately connected to Capital.

49. Dreamland's acts constitute deceptive trade practices and violate Minn. Stat. §325D.44.

12

50. As a direct result of this passing off and likely confusion, mistake, or deception, Capital has suffered and will continue to suffer irreparable harm if Dreamland's conduct is not enjoined.

51. By reason of Dreamland's bad faith and willful acts as described herein, Capital is entitled to injunctive relief and its costs and attorneys' fees pursuant to Minn. Stat. § 325D.45.

## Count IV
## Common Law Trademark Infringement
## Against Dreamland

52. Capital repeats and incorporates the allegations set forth in paragraphs 1-51 of this Complaint as if fully set forth herein.

53. Dreamland's acts described herein were willful and are likely to cause confusion, deception, or mistake and constitute common law trademark infringement.

54. As a direct result of Dreamland's conduct, Capital has suffered and will continue to suffer irreparable harm if Dreamland's conduct is not enjoined.

55. As a direct result of Dreamland's conduct, Capital has suffered and will continue to suffer harm and is entitled to damages, including punitive damages.

## Jury Demand

56. Capital requests a jury trial for all issues triable as of right by a jury pursuant to Federal Rule of Civil Procedure 38(b).

## Relief Requested

Capital respectfully requests judgment against Dreamland and Mr. Mohamed as follows:

A.  Find that Defendants have infringed Capital's VIVA FRUIT CORDIAL trademark by using the Counterfeit Mark in violation of federal law and the common law and has damaged Capital by its conduct;

B.  Find that Dreamland has unfairly competed with Capital in violation of federal law and common law and falsely designated the origin of its goods in violation of federal law and has damaged Capital by its conduct;

C.  Find that Dreamland has engaged in deceptive trade practices in violation of Minn. Stat. § 325D.43 *et seq*;

D.  Permanently enjoin and restrain Defendants from using the Counterfeit Mark and any other mark that is confusingly similar to the VIVA FRUIT CORDIAL trademark;

E.  Permanently enjoin and restrain Defendants from holding out to the public—expressly or by implication—that they are authorized to sell any products under the Counterfeit Mark, or any other mark that is confusingly similar to the VIVA FRUIT CORDIAL trademark;

F.  Direct Defendants, and those persons in active concert or participation with Defendants to destroy any and all labels, signs, prints, packages, wrappers, receptacles, advertisements, promotional materials, and any other materials in Defendants' possession or control that use the Counterfeit Mark and any other mark that is confusingly similar to the VIVA FRUIT CORDIAL trademark;

G. Direct Defendants to file with this Court and to serve upon Capital within thirty (30) days of this Court's order, a written report by Defendants, under oath, setting forth in detail the manner in which Defendants have complied with the injunction;

H. Find that Defendants are jointly and severally liable to Capital for all damages Capital has sustained as a result of Defendants' use of the Counterfeit Mark and infringement;

I. Find that Defendants engaged in willful counterfeiting and that Defendants are jointly and severally liable to Capital for the maximum statutory damages allowable as a result of Defendants' willful infringement and counterfeiting;

J. Find Dreamland liable for all damages resulting from unfair competition and false designation of origin and that such damages be trebled;

K. Direct Defendants to perform an accounting to determine its profits resulting from the activities complained of here and find that Capital is entitled to those profits;

L. Find that Capital is entitled to its attorneys' fees;

M. Find that Capital is entitled to its costs and pre-judgment and post-judgment interest; and

N. Find that Capital is entitled to such other and further relief as the Court may deem just and fair.

CORE/3524971.0010/187765649.3

Dated: March 15, 2024

Respectfully submitted,
STINSON LLP

By: s/ *Ruth Rivard*
Ruth Rivard (0327591)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 335-1500
Fax: (612) 335-1657
Email: ruth.rivard@stinson.com

*Attorney for Plaintiff Capital Imports, LLC*