## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Capital Imports, LLC, | Case No. 0:24-cv-00952-ECT-TNL |
| Plaintiff/Counterclaim Defendant, | |
| v. | **DEFENDANT DREAMLAND TRADING, INC.'S ANSWER AND COUNTERCLAIMS** |
| Dreamland Trading, Inc. and Mohamed Mohamed, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## PRELIMINARY STATEMENT

Dreamland Trading, Inc. ("Dreamland" or "Defendant") submits its answer to Plaintiff Capital Imports, LLC's ("Capital") complaint, and Dreamland also submits its counterclaims against Capital Imports, LLC. The numbered paragraphs in Defendant's answer correspond to the numbered paragraphs in Plaintiff's complaint. Unless expressly admitted below, Dreamland denies each and every allegation contained in the complaint. Defendant also denies all allegations in the "Nature of the Action" section preceding the complaint's first numbered paragraph.

## <u>ANSWER</u>

1.     Dreamland is without sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore denies the same.

2.     Dreamland admits that it is a Minnesota corporation with a principal place of business at 2500 E. 25th Street, Suite # 109, Minneapolis, MN 55406 but denies the remaining of the allegations.

3.      Dreamland is without sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore denies the same.

4.      The allegations in this paragraph contain legal conclusions to which a response is not required; to the extent a response is required, Dreamland denies the allegations in this paragraph.

5.      The allegations in this paragraph contain legal conclusions to which a response is not required; to the extent a response is required, Dreamland denies the allegations in this paragraph.

6.      Dreamland admits that it is a Minnesota corporation, is located in Minnesota, and transacts business in Minnesota but denies the remaining allegations in this paragraph.

7.      Admit.

8.      The allegations in this paragraph contain legal conclusions to which a response is not required; to the extent a response is required, Dreamland denies the allegations in this paragraph.

9.      Dreamland is without sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore denies the same.

10.     Deny.

11.     Dreamland is without sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore denies the same.

12.     Admit.

13.     Admit.

14.    The allegations in this paragraph contain legal conclusions to which a response is not required; to the extent a response is required, Dreamland denies the allegations in this paragraph.

15.    Dreamland is without sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore denies the same.

16.    Dreamland admits that in 2024, it imported and distributed a fruit cordial product called RINO that is produced by non-party Tayseer Arar Food Industries LLC ("Tayseer"). Dreamland denies the remaining of the allegations in this paragraph.

17.    Dreamland admits the parties' non-alcoholic fruit cordial products are identical but denies the remaining allegations in this paragraph.

18.    Deny.

19.    The allegations in this paragraph contain legal conclusions to which a response is not required; to the extent a response is required, Dreamland denies the allegations in this paragraph.

20.    The allegations in this paragraph contain legal conclusions to which a response is not required; to the extent a response is required, Dreamland denies the allegations in this paragraph.

21.    The allegations in this paragraph contain legal conclusions to which a response is not required; to the extent a response is required, Dreamland denies the allegations in this paragraph.

22.    Dreamland is without sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore denies the same.

23.     Dreamland admits that before February 26, 2024, it sold a fruit cordial product as a non-exclusive distributor for Tayseer under a name VEEO but denies the remaining allegations.

24.     Deny.

25.     Deny.

26.     The allegations in this paragraph contain legal conclusions to which a response is not required, and Defendant Mohamed Mohamed has filed a motion to dismiss the complaint; to the extent a response is required, Dreamland denies the allegations in this paragraph.

27.     The allegations in this paragraph contain legal conclusions to which a response is not required, and Defendant Mohamed Mohamed has filed a motion to dismiss the complaint; to the extent a response is required, Dreamland denies the allegations in this paragraph.

28.     The allegations in this paragraph contain legal conclusions to which a response is not required, and Defendant Mohamed Mohamed has filed a motion to dismiss the complaint; to the extent a response is required, Dreamland denies the allegations in this paragraph.

29.     Dreamland admits that it received a February 29, 2024 letter from Capital's counsel but denies the remaining allegations.

30.     Dreamland admits that it responded to Plaintiff's February 29, 2024 letter in writing but denies the remaining allegations.

31.     The allegations in this paragraph contain legal conclusions to which a response is not required; to the extent a response is required, Dreamland denies

that it is selling a fruit-cordial product and is without sufficient knowledge to admit or deny the remaining allegations and therefore denies the same.

32.    Admit.

### Count I
### Federal Counterfeiting and Trademark Infringement
### (15 U.S.C. § 1114 et seq.)
### Against all defendants

33.    Defendant repeats and incorporates the above responses.

34.    The allegations in this paragraph contain legal conclusions to which a response is not required, and Defendant Mohamed Mohamed has filed a motion to dismiss the complaint; to the extent a response is required, Dreamland denies the allegations in this paragraph.

35.    The allegations in this paragraph contain legal conclusions to which a response is not required, and Defendant Mohamed Mohamed has filed a motion to dismiss the complaint; to the extent a response is required, Dreamland denies the allegations in this paragraph.

36.    The allegations in this paragraph contain legal conclusions to which a response is not required, and Defendant Mohamed Mohamed has filed a motion to dismiss the complaint; to the extent a response is required, Dreamland denies the allegations in this paragraph.

37.    The allegations in this paragraph contain legal conclusions to which a response is not required, and Defendant Mohamed Mohamed has filed a motion to dismiss the complaint; to the extent a response is required, Dreamland denies the allegations in this paragraph.

38.     The allegations in this paragraph contain legal conclusions to which a response is not required, and Defendant Mohamed Mohamed has filed a motion to dismiss the complaint; to the extent a response is required, Dreamland denies the allegations in this paragraph.

39.     The allegations in this paragraph contain legal conclusions to which a response is not required, and Defendant Mohamed Mohamed has filed a motion to dismiss the complaint; to the extent a response is required, Dreamland denies the allegations in this paragraph.

40.     The allegations in this paragraph contain legal conclusions to which a response is not required, and Defendant Mohamed Mohamed has filed a motion to dismiss the complaint; to the extent a response is required, Dreamland denies the allegations in this paragraph.

**Count II**
**Federal Counterfeiting and Trademark Infringement**
**(15 U.S.C. § 1125(a)**)
**Against Dreamland**

41.     Defendant repeats and incorporates the above responses.

42.     The allegations in this paragraph contain legal conclusions to which a response is not required; to the extent a response is required, Dreamland denies the allegations in this paragraph.

43.     The allegations in this paragraph contain legal conclusions to which a response is not required; to the extent a response is required, Dreamland denies the allegations in this paragraph.

44.    The allegations in this paragraph contain legal conclusions to which a response is not required; to the extent a response is required, Dreamland denies the allegations in this paragraph.

45.    The allegations in this paragraph contain legal conclusions to which a response is not required; to the extent a response is required, Dreamland denies the allegations in this paragraph.

### Count III
### Deceptive Trade Practices
### (Minn. Stat. § 325D.43 et seq.)
### Against Dreamland

46.    Defendant repeats and incorporates the above responses.

47.    The allegations in this paragraph contain legal conclusions to which a response is not required; to the extent a response is required, Dreamland denies the allegations in this paragraph.

48.    The allegations in this paragraph contain legal conclusions to which a response is not required; to the extent a response is required, Dreamland denies the allegations in this paragraph.

49.    The allegations in this paragraph contain legal conclusions to which a response is not required; to the extent a response is required, Dreamland denies the allegations in this paragraph.

50.    The allegations in this paragraph contain legal conclusions to which a response is not required; to the extent a response is required, Dreamland denies the allegations in this paragraph.

51.     The allegations in this paragraph contain legal conclusions to which a response is not required; to the extent a response is required, Dreamland denies the allegations in this paragraph.

**Count IV**
**Common Law Trademark Infringement**
**Against Dreamland**

52.     Defendant repeats and incorporates the above responses.

53.     The allegations in this paragraph contain legal conclusions to which a response is not required; to the extent a response is required, Dreamland denies the allegations in this paragraph.

54.     The allegations in this paragraph contain legal conclusions to which a response is not required; to the extent a response is required, Dreamland denies the allegations in this paragraph.

55.     The allegations in this paragraph contain legal conclusions to which a response is not required; to the extent a response is required, Dreamland denies the allegations in this paragraph.

**Jury Demand**

56.     The allegations in this paragraph contain legal conclusions regarding a jury trial demand to which a response is not required; to the extent a response is required, Dreamland denies the allegations in this paragraph.

**Relief Requested**

Dreamland denies that Plaintiff is entitled any relief.

## COUNTERCLAIMS

1.      On February 11, 2022, Plaintiff Capital Imports LLC filed a use-based trademark application with the United States Patent and Trademark Office ("USPTO") for the mark VIVA FRUIT CORDIAL & Design for "non-alcoholic fruit cordials" in International Class 32, which was assigned Application Serial No. 7135907. Plaintiff alleged January 17, 2022 as its date of first use anywhere and its date of first use in commerce. On August 15, 2023, Application Serial No. 97264107 matured into Registration No. 7135907.

2.      On December 3, 2022, the USPTO refused registration of Application Serial No. 7135907 in part because of the specimen of use Plaintiff submitted in connection with the VIVA FRUIT CORDIAL & Design trademark application. The Nonfinal Office Action issued by the USPTO stated "[d]igitally created or altered image or mockup is not an acceptable specimen." Attached as **Exhibit A** is a true and correct copy of the specimen of use that Plaintiff submitted to the USPTO on February 11, 2022 in connection with the VIVA FRUIT CORDIAL & Design trade-mark application as well as the application and office action.

3.      Tayseer Arar Food Industries LLC ("Tayseer") produces, bottles, and labels the fruit cordial that Plaintiff exports from Dubai.

4.      Tayseer created a RINO FRUIT CORDIAL & Design trademark that it affixed to the fruit cordial it produces and exported the RINO fruit cordial to the United States prior January 17, 2022.

5.      Plaintiff did not create the VIVA FRUIT CORDIAL & Design mark.

6.      Sanor Group Corporation or Plaintiff approached Tayseer to distribute its fruit cordial in the United States and asked Tayseer if it would modify, in pertinent part, its RINO FRUIT CORDIAL & Design mark to replace RINO with VIVA.

7.      Tayseer agreed to modify its RINO FRUIT CORDIAL & Design mark to replace RINO with VIVA and to appoint Plaintiff or Sanor Group Corporation as a non-exclusive distributor of its VIVA fruit cordial. The bottles of VIVA fruit cordial identify Sanor Group Corporation, not Plaintiff, as the importer and distributor of the VIVA fruit cordial.

8.      Tayseer, not Plaintiff, created the VIVA FRUIT CORDIAL & Design mark.

9.      Tayseer is the owner of the VIVA FRUIT CORDIAL & Design mark.

10.     Upon information and belief, Plaintiff and Sanor Group Corporation are not related companies.

11.     On February 15, 2022, Plaintiff received its first shipment of VIVA fruit cordial from Tayseer.

### Count I
### Cancellation of Federal Registration—*Void ab initio*
### (15 U.S.C. § 1064(1), 1119)

12.     Dreamland repeats and realleges the above paragraphs.

13.     Under 15 U.S.C. § 1119, the court has the power to "order the cancelation of registration" in any action involving a registered mark.

14.     On February 11, 2022, Plaintiff Capital Imports LLC filed a use-based trademark application with the USPTO for the mark VIVA FRUIT CORDIAL &

10

Design for "non-alcoholic fruit cordials" in International Class 32, which was assigned Application Serial No. 97264107.

15.    Plaintiff is not the owner of the VIVA FRUIT CORDIAL & Design mark, and Application Serial No. 97264107 was filed in the name of the wrong owner.

16.    U.S. Reg. No. 7135907 is *void ab initio*.

17.    Defendant has been and continues to be proximately damaged as a result of the issuance of U.S. Reg. No. 7135907.

18.    Defendant is entitled to the cancellation of Reg. No. 7135907, and injunctive relief preventing Plaintiff from re-filing a trademark application for the VIVA FRUIT CORDIAL & Design mark.

### Count II
### Cancellation of Federal Registration—Fraud
### (15 U.S.C. §§ 1064(3), 1119)

19.    Dreamland repeats and realleges the above paragraphs.

20.    Under 15 U.S.C. § 1119, the court has the power to "order the cancelation of registration" in any action involving a registered mark.

21.    On February 11, 2022, Plaintiff Capital Imports LLC filed a use-based trademark application with the USPTO for the mark VIVA FRUIT CORDIAL & Design for "non-alcoholic fruit cordials" in International Class 32, which was assigned Application Serial No. 97264107.

22.    On February 15, 2022, Plaintiff received its first shipment of VIVA fruit cordial from Tayseer.

23.     Plaintiff was not using the VIVA FRUIT CORDIAL & Design mark on February 11, 2022.

24.     Upon information and belief, Plaintiff knew it was not using the VIVA FRUIT CORDIAL & Design mark on February 11, 2022 because it submitted a digital image of the VIVA fruit cordial that it knew or should have known is an unacceptable specimen for goods.

25.     On March 1, 2023, Plaintiff submitted a substitute specimen to the USPTO consisting of picture of the VIVA fruit cordial bottle.

26.     Plaintiff falsely declared to the USPTO that the substitute specimen was in use in commerce as early as February 11, 2022.

27.     Upon information and belief, Plaintiff intentionally falsely claimed use of the VIVA FRUIT CORDIAL & Design mark, submitted an unacceptable specimen of use, and falsely claimed February 11, 2022 as use in commerce date for the substitute specimen in order to deceive the USPTO.

28.     Defendant has been and continues to be proximately damaged as a result of the issuance of U.S. Reg. No. 7135907. Capital has asserted U.S. Reg. No. 7135907 against Dreamland in a federal lawsuit, and Dreamland has not been able to sell or order fruit cordial as a result.

29.     Defendant is entitled to the cancellation of Reg. No. 7135907, and injunctive relief preventing Plaintiff from re-filing a trademark application for the VIVA FRUIT CORDIAL & Design mark.

## Count III
## Civil Liability for False or Fraudulent Registration
## (15 U.S.C. § 1120)

30.     Dreamland repeats and realleges the above paragraphs.

31.     Under 15 U.S.C. § 1120, "Any person who procures registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof."

32.     Plaintiff fraudulently obtained Reg. No. 7135907 and is asserting this registration against Defendant in this lawsuit.

33.     Defendant has been and continues to be proximately damaged as a result of the issuance of U.S. Reg. No. 7135907. Dreamland has not been able to sell or order fruit cordial as a result of Plaintiff's actions.

34.     This case is exceptional under the Lanham Act, entitling Dreamland to recovery of its attorney's fees and costs.

35.     Defendant is entitled to recover damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court:

a.      Enter judgment in favor of Dreamland Trading Inc. on the counts asserted herein and award Dreamland Trading Inc. all monetary damages pursuant to 15 U.S.C. §1120.

b.      Order to the USPTO to cancel U.S. Reg. No. 7135907 for VIVA FRUIT CORDIAL & Design under 15 U.S.C. §§ 1064(1), (3); 1119; and any other applicable statute.

c.      Award Dreamland such further relief as it deems just, proper, and equitable.

## JURY DEMAND

Dreamland demands a trial by jury on all issues so triable under Federal Rules of Civil Procedure 38.

Dated: May 8, 2024                    TAFT STETTINIUS & HOLLISTER LLP

By:*/s/Bradley J. Walz*
     Bradley J. Walz (#0339891)
     O. Joseph Balthazor Jr. (#0399093)
80 South Eighth Street, Suite 2200
Minneapolis, MN 55402
(612) 977-8400
bwalz@taftlaw.com
jbalthazor@taftlaw.com

*Attorneys for Defendant/Counterclaim
Plaintiff Dreamland Trading, Inc.*